O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-7658 ODW (SSx) | Date | February 6, 2009 |
|---|---|---|---|
| Title | *Crew Knitwear, Inc. v. U.S. Textile Printing, Inc., et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | | |
|---|---|---|---|
| Raymond Neal | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (IN CHAMBERS):**   Order DENYING Plaintiff's Motion for Partial Summary Judgment [46]

Pursuant to a very particular scheduling order [44], Plaintiff Crew Knitwear, Inc. ("Crew") brings its Motion for Partial Summary Judgment as to its third claim for declaratory relief: copyright invalidity. Having been fully briefed, the Court deems this matter appropriate for decision without oral argument and hereby VACATES the February 9, 2009 hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. For the following reasons, Crew's Motion is DENIED.

At issue in this Motion is the validity of Defendants U.S. Textile Printing, Inc., et al. ("Defendants" or "USTP") copyrights in eight specific designs: W-7155 (VAu 713-378)[1]; W-7613 (VAu 745-391); W-7516 (VAu 726-861); W-7559 (VAu 727-132); W-7615 (VAu 745-391); W-6410 (VAu 688-155); W-7823 (VAu 735-454); W-7355 (VAu 725-151). All designs are purportedly works made for hire and each bear a certificate of registration by the United States Copyright Office, thereby entitling its registered author, here USTP or Defendant Young Jin Textile Printing Co., to a presumption of copyright validity. *See* 17 U.S.C. § 410(c); *Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 908 (2d Cir.1980) ( section 410(c) raises a rebuttable presumption of validity shifting burden of coming forward with evidence to defendant).

In its claim for declaratory relief, Crew asks the Court to find that the copyrights in

---

[1] The four digits following the letter "W" represent USTP's internal design designation. The visual arts copyright number to which that particular design is registered is noted in parentheses (e.g. VAu 713-378).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7658 ODW (SSx) | Date | February 6, 2009 |
|---|---|---|---|
| Title | *Crew Knitwear, Inc. v. U.S. Textile Printing, Inc., et al.* | | |

the designs at issue are invalid as a matter of law. According to Crew, Defendants engage in a broad pattern and practice of fraud in which they routinely and perfunctorily register design patterns knowingly created by others. In accordance with this alleged pattern, Crew contends that Defendants fraudulently secured a copyright registration in each of the subject designs by intentionally misrepresenting to the Copyright Office that the designs were works made for hire, thereby vesting authorship in Defendants as employers of the designs' creators.

More specifically–and ignoring for the time being Defendants' alleged pattern and practice of fraudulent conduct, focusing instead only on the designs at issue–Crew's claim boils down to two general arguments: (1) that the designs at issue were created by independent contractors, not employees, and (2) that Young Gil Baek's ("Baek"), owner of Young Jin Textile, explanation as to the creations of the designs are fabricated. In support of its first argument, Crew points to excerpts of Baek's deposition in which Baek admits he did not create many of the subject designs. To that end, Crew produces evidence that some of the designs were instead created by other designers, namely Joo Young Lee.[2] Predictably, Crew contends that third party designers like Ms. Lee were independent contractors and because no written assignment of authorship was made, authorship is retained by the designer and not transferred to Defendants. Defendants, on the other hand, produce competing evidence that designers like Ms. Lee were employees creating designs on a work made for hire basis.

As to its second argument, Crew suggests that Baek's explanations as to how some of the designs were created are patently false. For example, with respect to at least one design, Crew points to Baek's testimony in which he claims to have initially created a pattern of two, differently-sized overlapping circles by using nothing more than a penny, a quarter and a pencil. According to Crew's attorney's mathematical analysis, the actually registered design contains circles with diameters which could not have been drawn using solely a penny and a quarter as a stencil. Crew thus suggests Baek's "story" of creation is false and submits that Defendants most likely copied it from an already

---

[2] It should be noted that Ms. Lee's identity as the alleged creator of some of the designs at issue was not initially disclosed by Defendants. Apparently, those who Defendants initially claimed as having information pertaining to the creation of the designs at issue denied having any role in creating them, claiming instead that Ms. Lee was the creator.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7658 ODW (SSx) | Date | February 6, 2009 |
|---|---|---|---|
| Title | *Crew Knitwear, Inc. v. U.S. Textile Printing, Inc., et al.* | | |

existing design.

    Before attempting to resolve these arguments, as a threshold matter, the Court finds misplaced USTP's reliance on *Lennon v. Seaman*, 84 F.Supp.2d 522 (E.D.N.Y. 2000), for the proposition that Crew's claim is not yet ripe for judicial review.  In *Lennon*, the plaintiff, like Crew here, sought declaratory relief, alleging that the defendant committed fraud on the Copyright Office by falsely claiming the photographs at issue were not works made for hire and that he was the owner.  *Lennon*, 84 F.Supp.2d at 525.  The New York court found the plaintiff's claim unripe, however, because she filed her complaint *before* the Copyright Office took any action on the defendant's allegedly fraudulent application.  *Id.* at 526.  For that reason, the court noted that Copyright Office could not yet have relied on the allegedly false statements contained in defendant's application.  *Id.*  The plaintiff's claim was therefore not ripe for judicial review.  *Id.*  Such is not the case here.  With respect to the designs at issue, the Copyright Office *has* taken action by affirmatively approving Defendants' applications, relying upon the veracity of the contents made therein.  Thus, Crew's claim is fit for decision.[3]

    Proceeding to the merits of Crew's Motion, in the context of a motion for summary judgment, the moving party bears the initial burden of establishing the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  For claims of copyright invalidity, it is well-settled that the registration of a copyright certificate constitutes prima facie evidence of the validity of a copyright in a judicial proceeding commenced within five years of the copyright's first publication.  17 U.S.C. § 410(c).  This presumption of validity may be overcome by the "offer [of] some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement."  *See Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997).  Even still, "inadvertent mistakes on registration certificates do not invalidate a copyright and thus do not bar infringement actions, unless the alleged infringer has relied to its detriment on the mistake, or the claimant intended to defraud the Copyright Office by making the misstatement."  *Urantia Found v. Maaherra*, 114 F.3d 955, 963 (9th Cir.

---

[3] To the extent Defendants classify as unripe Crew's allegations that Defendants engage in a "pattern and practice" of committing fraud on the Copyright Office, the Court need not opine.  For purposes of the designs actually at issue in these cases, the Copyright Office has taken action.  Defendants' "thousands of other designs" are not at issue and any non-action by the Copyright Office with respect to those are irrelevant.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7658 ODW (SSx) | Date | February 6, 2009 |
|---|---|---|---|
| Title | *Crew Knitwear, Inc. v. U.S. Textile Printing, Inc., et al.* | | |

1997). A party seeking to establish such fraud, and thereby rebut the presumption of copyright validity, however, bears a heavy burden. Absent intent to defraud and prejudice, inaccuracies in copyright registration do not bar actions for infringement." *S.O.S., Inc. v. Payday*, *Inc.*, 886 F.2d 1081, 1086 (9th Cir. 1989).

On the record before it, the Court is of the opinion that disputed issues of material fact preclude summary judgment. Equally competing evidence has been presented, for example, as to whether the designs at issue were works made for hire, and therefore as to whether Defendants intended to defraud the Copyright Office by registering the subject designs as such. The credibility afforded to Baek's explanations of how the subject designs were created, moreover, is better weighed and determined by the trier of fact and not by the Court on a motion for summary judgment. Accordingly, Defendants' copyrights cannot be declared invalid as a matter of law at this time. Crew's Motion is therefore DENIED.

The March 18, 2009 Status Conference remains on calendar. Though amendments to the scheduling order will be discussed at that time, the Court is of the tentative opinion that adequate Phase I discovery exists and depending on the progress being made in Phase II, an advance in the trial date may be appropriate. Finally, both parties are put on notice that strict compliance with the Court's Local Rules and Judge Wright's Standing Order is required, particularly those rules governing a motion's form, length and font size.

**IT IS SO ORDERED.**

-- : 00

Initials of Preparer     RGN