**LEE & KAUFMAN, LLP**
Martin J. Kaufman, Esq. (SBN 155672)
H. Jason Cohen, Esq. (SBN 188783)
U.S. Bank Tower
633 W. Fifth Street, 51st Floor
Los Angeles, CA 90071
email: MJK@lklaw.net
Tel: (213) 239-9400
Fax: (213) 239-9409

Attorneys for Defendants
U.S. Textile Printing, Inc.,
Young Jin Textile Printing,
Globe Apparel, Inc., Uno Clothing, Inc.
and Julie's Closet

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREW KNITWEAR, INC, <br><br> Plaintiff, <br> vs. <br><br> U.S. TEXTILE PRINTING, INC., a California corporation, YOUNG JIN TEXTILE PRINTING, a business entity of unknown form; GLOBE APPAREL, INC., a California corporation; UNO CLOTHING, INC., a California corporation; JULIE'S CLOSET, a business entity of unknown form, <br><br> Defendants | Case No. CV07-07658 ODW (SSx) <br><br> [Consolidated for purpose of discovery with Case No. CV08-04139 ODW (SSx)] <br><br> **STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL DISCOVERY MATERIAL** <br><br> **[F.R.C.P. Rule 26(c)]** |

## GOOD CAUSE STATEMENT

This matter arises from Plaintiff's claims against Defendants, some of whom are claimed to be direct competitors of Crew Knitwear, Inc., for alleged violations of state and federal anti-trust laws, invalidity of certain copyrights which Defendants U.S. Textile Printing, Inc. and Young Jin Textile Printing have asserted, and related state law claims.  In the consolidated matter of *U.S. Textile Printing, Inc. v. Crew Knitwear, Inc., et al.* (USDC Case No.CV08-04139 ODW (SSx)), U.S. Textile Printing, Inc. has asserted claims for Copyright Infringement.  As such, the

1    discovery and pretrial phase of this action will involve the disclosure of the parties' respective

2    trade secrets and other confidential and proprietary business, technical and financial information.

3    Such information will likely take the form of such things as strategic corporate plans; trade

4    secrets; customer-specific evaluations or data; personnel files; information subject to

5    confidentiality or non-disclosure agreements; proprietary technical or engineering information;

6    proprietary financial data or projections; and proprietary consumer, customer or market research.

7            The unauthorized disclosure of any of the aforementioned information would

8    substantially harm and prejudice the legitimate commercial or privacy interests of the party whose

9    confidential information was disclosed.  Accordingly, good cause exists for the Court's entry of

10   the parties' attached Stipulated Protective Order. *See Foltz v. State Farm Mutual Auto Insurance*

11   *Company*, 331 F.3d 1122 (9th Cir. 2003); *Phillips v. General Motors Corporation*, 307 F.3d 1206

12   (9th Cir. 2002).

13           The parties hereto, Crew Knitwear Inc., U.S Textile Printing, Inc., Young Jin

14   Textile Printing, Uno Clothing, Inc., Globe Apparel, Inc., and Julie's Closet, through their

15   respective attorneys of record, that a Protective Order Governing Confidential Material

16   ("Protective Order") including without limitation, any document, information, testimony,

17   electronic systems, software, software and information passwords, customer information

18   (including names, e-mail addresses, credit card information, log-in names, and customer

19   passwords), computer information (including computer data, passwords, and files), reports relating

20   to the parties' financial information, business information and information regarding the parties'

21   dealings and relationships with third parties (including banks, accountants, vendors, and off-site

22   programmers), responses to requests to produce documents or other things, responses to

23   interrogatories, responses to requests for admissions, deposition testimony and exhibits, or other

24   things furnished by any party, including third parties, to any other party in connection with the

25   discovery and pretrial phases of this action should be issued. The above list also includes all

26   copies, extracts, summaries, compilations, designations, and is collectively referred to herein as

27   "Information"). Accordingly, pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 26(c):

28           **THEREFORE, IT IS HEREBY ORDERED** that:

1    **1.**          ***"Matter"* means the matter captioned Crew Knitwear, Inc. v. U.S.**

2    **Textile Printing, Inc., et al, case number USDC CV 07-07658 ODW (SSx), which has been**

3    **consolidated for purposes of discovery only with U.S. Textile Printing, Inc. v. Crew**

4    **Knitwear, Inc., et al. (USDC Case No. No.CV08-04139 ODW (SSx)), before the United States**

5    **District Court, Central District of California, and all subsequent appellate or other review**

6    **proceedings related thereto.**

7    2.          *"Outside Counsel"* means the law firms that are counsel of record for any

8    party in this Matter and their associated attorneys; or other persons regularly employed by such

9    law firms including legal assistants, clerical staff and information management personnel and

10   temporary personnel retained by such law firm(s) to perform legal or clerical duties, or to provide

11   logistical litigation support with regard to this Matter; provided that any attorney associated with

12   Outside Counsel shall not be a director, officer or employee of any party. The term Outside

13   Counsel does not include persons retained as consultants or experts for the purposes of this Matter.

14          *3.*     *"Producing Party"* means a party or third party that produced or intends to

15   produce Confidential Discovery Material to any of the parties.

16          *4.*     *"Expert/Consultant"* means experts or other persons who are retained to

17   assist any party's counsel in preparation for trial or to give testimony at trial.

18          *5.*     *"Document"* means the complete original or a true, correct and complete

19   copy and any non-identical copies of any written or graphic matter, no matter how produced,

20   recorded, stored or reproduced, including, but not limited to, any writing, letter, envelope,

21   telegraph meeting minute, memorandum statement, affidavit, declaration, book, record, survey,

22   map, study, handwritten note, working paper, chart, index, tabulation, graph, tariff tape, data sheet

23   data processing card, printout, microfilm, index, computer readable media or other electronically

24   stored data, appointment book, diary, diary entry, calendar, desk pad, telephone message slip, note

25   of interview or communication or any other data compilation, including all drafts of all such

26   documents. "Document" also includes every writing, drawing, graph, chart, photograph, phono

27   record, tape, compact disk, video tape, and other data compilations from which information can be

28   obtained; and includes all drafts and all copies of every such writing or record that contain any

1  commentary, notes, or marking whatsoever not appearing on the original.

2          6.          *"Discovery Material"* includes without limitation deposition testimony,

3  deposition exhibits, interrogatory responses, admissions, affidavits, declarations, documents

4  produced pursuant to compulsory process or voluntarily in lieu thereof, and any other documents

5  or information produced or given to one party by another party or by a third party in connection

6  with discovery in this Matter.

7          7.          *"Confidential Discovery Material"* means all Discovery Material that is

8  designated by a Producing Party as confidential and that is covered by Section 26(c)(7) of the

9  Federal Rules of Civil Procedure and precedents thereunder. Confidential Discovery Material shall

10  include non-public commercial information, the disclosure of which to any third parties would

11  cause substantial commercial harm or personal embarrassment to the disclosing party. The

12  following is a non-exhaustive list of examples of information that likely will qualify for treatment

13  as Confidential Discovery Material: strategic plans (involving pricing, marketing, research and

14  development, product roadmaps, corporate alliances, or mergers and acquisitions) that have not

15  been fully implemented or revealed to the public; trade secrets; customer-specific evaluations or

16  data (e.g., prices, volumes, or revenues); personnel files and evaluations; information subject to

17  confidentiality or non-disclosure agreements; proprietary technical or engineering information;

18  proprietary financial data or projections; and proprietary consumer, customer or market research

19  or analyses applicable to current or future market conditions, the disclosure of which could reveal

20  Confidential Discovery Material.

21          **IT IS FURTHER ORDERED**, that:

22          *1.          Designation of Confidential Discovery Material*.   The producing party

23  may designate Confidential Discovery Material by stamping or affixing to the physical objects or

24  documents or tangible embodiment of Information, a legend which includes the following

25  language:

26          (a)          For written material, documents, computerized data or technology,

27  or tangible items, the designation of "Confidential Discovery Material" will be made when the

28  qualified recipient (as defined in paragraph 3, below) is provided a copy of the writing or thing;

1            (b)      For non-written material, documents, or tangible items, or Discovery

2  Material that cannot be conveniently designated as set forth in this paragraph, the producing party

3  will designate the Confidential Discovery Material by written notice to the receiving party when

4  the Confidential Discovery Material is produced.

5            ***2.***      ***Party's Own Information***.   Nothing herein shall prevent a party from using

6  or disclosing its own documents or Information.   Nothing herein shall prevent the parties from

7  mutually agreeing to the use or disclosure of Information that has been designated as Confidential

8  Discovery Material, other than as permitted by this Stipulated Protective Order.

9            ***3.***      ***Persons Authorized to Receive Confidential Discovery Material***.   For

10  purposes of this Stipulated Protective Order, the term "qualified recipient" shall mean, with

11  respect to Confidential Discovery Material that is designated as "Confidential Discovery

12  Material", the following:

13            (a)      Outside Counsel of record for the parties in this action, and other

14  attorneys, clerical, paralegal and other staff employed by such outside counsel;

15            (b)      Independent consultants, investigators, or experts retained by a party

16  for the prosecution or defenses of this action, provided that they agree in advance to be bound by

17  the terms of this Stipulated Protective Order and sign the Agreement to be bound by this

18  Stipulated Protective Order in the form of Exhibit A attached hereto.

19            (c)      Such officers, directors, or employees of the parties who are actively

20  assisting such parties in the prosecution or defense of this action, excluding the named parties, and

21  for no other purpose.

22            (d)      The Court and court personnel;

23            (e)      Any other person as to whom the producing party agreed in writing

24  and provided that they agree in advance and sign the Agreement in the form of Exhibit A, attached

25  hereto;

26            (f)      Any stenographer or court reporter present in his or her official

27  capacity at any hearing, deposition, or other proceeding in this case.

28  ///

1       *4.       Documents Subject to "Confidential – Attorney-Eyes Only".*

2       Notwithstanding a qualified recipients, which is defined in Paragraph 3 above, as to Confidential

3       Discovery Material which the responding party asserts should not be disclosed to or seen by the

4       requesting party or parties themselves, the parties hereto agree as follows:

5                   (a)      The Responding Party shall clearly designate that the proffered

6       "Information" is not to be disclosed to the Requesting Party by marking them "CONFIDENTIAL

7       – ATTORNEYS EYES ONLY";

8                   (b)      Except with the prior written consent of the producing party or

9       parties, or upon prior order of the Court obtained on noticed motion, such "CONFIDENTIAL–

10      ATTORNEYS EYES ONLY" information and/or documents shall not be disclosed in this action

11      to any persons other than those listed in subparagraphs 3(a), (b), (d), and (f).  Prior to access to

12      such documents and/or Information, excluding subparagraph 3(b), all such persons shall be

13      advised of and shall agree to become subject to the provisions of this Stipulated Protective Order

14      by signing the Agreement to be bound by the terms of this Stipulated Protective Order, in the form

15      attached hereto as Exhibit A.  Counsel for each party shall retain for the duration of this lawsuit,

16      all such Agreements that the counsel has caused to be executed, which shall not be disclosed to

17      other parties or counsel except as provided herein, or by order of the Court.

18                  *5.       Discovery Material Produced During Discovery.*   At the request of the

19      producing party, all Discovery Material produced during discovery will initially be considered as a

20      whole to constitute "Confidential Discovery Material," subject to the "Confidential – Attorneys

21      Eyes Only" provisions in Paragraph 4 above.  After the qualified recipient has indicated that the

22      Discovery Material is to be produced via copying or otherwise, and before such Discovery

23      Material is released to the qualified recipient, the producing party will have fourteen (14) days

24      thereafter to review the indicated Discovery Material and mark such Discovery Material which it

25      determines to contain "Confidential Discovery Material" and whether such confidential

26      information is subject to the "Confidential – Attorneys Eyes Only" provision of this Stipulated

27      Protective Order.

28      ///

1          *6.*     ***Removal.***    A party may seek removal of particular items as Confidential

2 Discovery Material from this Stipulated Protective Order by giving counsel for the other party

3 written notice of its intent to seek removal, supported by reasons for the removal, and specifying

4 the items of Confidential Discovery Material for which removal is sought.   The parties will confer

5 to attempt to resolve the objection(s), if any.  If the parties cannot resolve objections within seven

6 (7) calender days after actual receipt of the written objection, the party seeking removal must then

7 seek an order of the Court to remove said Confidential Discovery Material, by way of noticed

8 motion.

9          *7.*     ***Use of Confidential Discovery Material.***   Any Confidential Discovery

10 Material shall be handled by the receiving party in accordance with the terms of this Stipulated

11 Protective Order. Confidential Discovery Material will:

12          (a)   be held in confidence by each receiving party;

13          (b)   will be used by each receiving party for purposes of this action only

14 and not for any business or other purpose unless agreed to in writing by all parties to this action or

15 as authorized by further order of the Court; and

16          (c)   will not be disclosed to any person who is not a qualified recipient

17 except as provided in this order.   If a consultant, investigator or expert, as defined in paragraph

18 3(b), above, retained by a party is a current or former employee, officer, director or owner of any

19 entity that competes with any of the parties to this Stipulated Protective Order, or if the retaining

20 party has any reason to believe that the retained person intends to disclose Confidential Discovery

21 Material to any entity that competes with any of the parties to this Stipulated Protective Order the

22 party retaining that person, before disclosing any Confidential Discovery Material to that

23 individual, shall notify the opposing party of the identity of the proposed recipient and provide

24 sufficient Information to enable the producing party to determine whether or not to object to such

25 disclosure.  The opposing party shall have three (3) days from such notice in which to object to

26 such disclosure and ten (10) days from such notice to move for a protective order if the parties are

27 unable to reach an agreement after such objection. If a motion for a protective order is filed, the

28 party that retained the person may not disclose any Confidential Discovery Material to that person

1    until the motion is resolved.  With regard to this category of person, it is the responsibility of the

2    retaining party to timely determine whether notice to the producing party is required under this

3    paragraph.  Except as provided herein, the Federal Rules of Civil Procedure shall govern the

4    discovery of experts and nothing herein shall expand those rights of discovery.

5             Any and all Confidential Discovery Material, as defined above, shall be

6    maintained to preclude access by persons who are not qualified recipients.  The parties further

7    understand and agree that they are not to use any such Confidential Discovery Material disclosed

8    during the course of this lawsuit to disparage, ridicule, criticize or otherwise negatively comment

9    upon any party's business or employees to any non-party, in any way, shape or form, other than

10   the presentation of evidence and arguments in this lawsuit.  Furthermore, the parties acknowledge,

11   understand and agree that they are not to use any Information disclosed during the course of this

12   lawsuit to gain any commercial advantage, or for any commercial or business purpose, in any

13   manner.

14             **8.**    ***Copies of Confidential Discovery Material***.   Confidential Discovery

15   Material shall not be copied or otherwise reproduced by a receiving party, except for transmission

16   to qualified recipients, without the prior written permission of the producing party, or by further

17   order of the Court.   Nothing in this Stipulated Protective Order shall restrict a qualified recipient

18   from making working copies, abstracts, digests, and/or analyses of such "Confidential Discovery

19   Material" for use in connection with this action.  All working copies, abstracts, digests, and

20   analyses will be considered Confidential Discovery Material under the terms of this order.

21             **9.**    ***Transmission of Information.***  Nothing in this Stipulated Protective Order

22   shall prohibit the transmission or communication of Confidential Discovery Material between or

23   among qualified recipients:

24             (a)    by hand delivery;

25             (b)    by face-to-face conference;

26             (c)    in sealed envelopes or containers via the mail, or any other

27   established freight, delivery, and/or messenger service; or

28   ///

1          (d)      by telephone, telegram, facsimile, or other electronic transmission

2    system if, under the circumstances, there is no reasonable likelihood that the transmission will be

3    intercepted or misused by any person who is not a qualified recipient.

4          *10.*      *Court Procedures.*  To the extent that the parties intend that any pleading,

5    paper or other document filed with the Court contains, reflects, incorporates, or otherwise refers to

6    Confidential Discovery Material, such papers shall be accompanied by an application to file said

7    pleading(s), paper(s) or other document(s), or the confidential portion(s) thereof, under seal,

8    pursuant to Local Rule 79-5.1.  The application shall be directed to the judge to whom the

9    aforementioned pleading(s), paper(s), or other document(s) are directed.

10          Pending the ruling on the parties' aforesaid application, such pleading(s),

11    paper(s), or other document(s), or those portions thereof which are subject to the sealing

12    application shall be lodged under seal.

13          *11.*      *Testimony.*  Any person may be interviewed and examined as a witness at

14    depositions and may testify concerning all Confidential Discovery Material of which the person

15    has prior knowledge.  If an interview or examination concerns Confidential Discovery Material,

16    the producing parry will have the right to exclude from the portion of the examination or interview

17    concerning the Confidential Discovery Material any person other than a witness, the witness(es)'

18    attorney(s), if that attorney is an authorized qualified recipient, and other qualified recipients of the

19    Confidential Discovery Material.  If the witness is represented by an attorney who is not a

20    qualified recipient, then before the interview or examination, either the producing party shall be

21    afforded the opportunity to seek a further protective order, or the attorney will be requested to

22    execute an Agreement to be bound by the terms of this Stipulated Protective Order, in the form

23    attached hereto as Exhibit A, as to any and all Confidential Discovery Material disclosed during

24    the course of the interview or examination.   If the attorney refuses and/or fails to execute Exhibit

25    A, the parties' attorney(s), before the interview or examination, shall seek a further protective

26    order from the Court prohibiting the attorney from disclosing the Confidential Discovery Material.

27          *12.*      *Depositions.*  Deposition testimony may be designated, in whole or in part,

28    as Confidential Discovery Material by oral designation on the record, in which case the person

1 making the designation shall instruct the Court Reporter to separately bind the portions of the

2 deposition transcript that have been designated "CONFIDENTIAL DISCOVERY MATERIAL"

3 or "CONFIDENTIAL – ATTORNEYS EYES ONLY", and stamp or write the designation, as

4 appropriate, on each page. Additionally, each party shall have an opportunity after receipt of the

5 transcript of any deposition within which to notify the other party in writing of the portions of the

6 transcript that it wishes to designate as Confidential Discovery Material. Specifically, each party

7 shall have ten (10) days after receipt of the transcript of any deposition (as certified by the Court

8 Reporter) within which to notify the other party in writing of the portions of the transcript that it

9 wishes to designate as "CONFIDENTIAL DISCOVERY MATERIAL" or "CONFIDENTIAL –

10 ATTORNEYS EYES ONLY." Prior to the expiration of such ten (10) day periods, all

11 information disclosed during a deposition shall be treated as though designated

12 "CONFIDENTIAL – ATTORNEYS EYES ONLY", unless otherwise agreed by the parties and

13 the witness, or ordered by the Court. Upon being informed that certain portions of a deposition

14 are designated "CONFIDENTIAL DISCOVERY MATERIAL" or "CONFIDENTIAL –

15 ATTORNEYS EYES ONLY", each party shall cause each copy in their custody and control to be

16 marked immediately.

17      *13.*    *Subpoenas.*   The statutory provisions of FRCP, Rule 45 shall govern the

18 process by which the parties may serve, quash and/or comply with a subpoena to a third party

19 having possession, custody, or control of any Confidential Discovery Material.

20      *14.*    *Attorneys' Actions.* Nothing in this order will bar or otherwise restrict an

21 attorney who is a qualified recipient from:

22        (a)    advising his or her client with respect to this action; or,

23        (b)    generally referring to or relying on his or her examination of

24 Information that has been produced pursuant to this Stipulated Protective Order, and which

25 comprises Confidential Discovery Material.

26      In rendering such advice or in otherwise communicating with his or her

27 client, the attorney shall not disclose the specific content of any document produced by the

28 producing party or the Confidential Discovery Material contained in any document produced, if

1    disclosure would not otherwise be permitted under the terms of this order.

2            **15.**    **No Waiver.**   The taking of, or the failure to take, any action to enforce the

3    provisions of this Stipulated Protective Order, or the failure to object to any designation or any

4    such action or omission, will not constitute a waiver of any right to seek and obtain protection or

5    relief, other than as specified in this order, of any claim or defense in this action or any other

6    action, including but not limited to, any claim or defense that any Information:

7            (a)     is or is not relevant, material, or otherwise discoverable;

8            (b)     is or is not confidential or proprietary to any party;

9            (c)     is or is not entitled to particular protection; or,

10           (d)     embodies or does not embody trade secrets or confidential research,

11   development, or commercial information, or otherwise Confidential Discovery Material of any

12   party.

13           In making this claim or defense the party must comply with the procedures

14   described in this Stipulated Protective Order. This Stipulated Protective Order is entered without

15   prejudice to the right of any party to apply to the Court at any time to relax or rescind the

16   restrictions of this Stipulated Protective Order, when convenience or necessity requires. The

17   procedures set forth in this Stipulated Protective Order shall not affect the rights of the parties to

18   object to discovery on grounds other than those related to trade secrets or proprietary information

19   claims, nor will they relieve a party of the necessity of proper response to discovery devices.

20           **16.**    **No Probative Value.**   This Stipulated Protective Order shall not abrogate,

21   diminish, or otherwise obviate any contractual, statutory, or other legal obligation or right of any

22   party or person with respect to any Confidential Discovery Material. The fact that Information is

23   designated as Confidential Discovery Material under this Stipulated Protective Order shall not be

24   considered to be determinative of what a trier of fact may determine to be confidential or

25   proprietary.

26           Absent an enforceable stipulation of all parties, the fact that Information has

27   been designated as Confidential Discovery Material under this Stipulated Protective Order will not

28   be admissible during the trial of this action, nor will the jury be advised of this designation.

1   ///

2           The fact that any Information is disclosed, used, or produced in discovery or

3   at trial in this action will not be construed to be admissible or offered in any action or proceeding

4   before any court, agency, or tribunal as evidence that the Information:

5           (a)     is or is not relevant, material, or otherwise admissible.

6           (b)     is or is not confidential or proprietary to any party;

7           (c)     is or is not entitled to particular protection; or

8           (d)     embodies or does not embody trade secrets or confidential research,

9   development, or commercial information, or otherwise Confidential Discovery Material of any

10   party.

11           **17.**     ***Return of Information.***  At the conclusion of this action all Information

12   will, on request of the party furnishing the Information:

13           (a)  Be delivered to the party that furnished the Confidential Discovery

14   Material; or

15           (b)  Be destroyed, in which event counsel will give written notice of the

16   destruction to opposing counsel except for the Confidential Discovery Material contained in the

17   Court's file.

18           All Confidential Discovery Material not embodied in written materials,

19   documents, or tangible items will remain subject to this order.

20           **18.**     ***Court's Jurisdiction.***  The Court retains jurisdiction to make amendments,

21   modifications, deletions, and additions to this Stipulated Protective Order, as the Court from time

22   to time may consider appropriate. The provisions of this Stipulated Protective Order regarding the

23   use or disclosure of information designated as "Confidential Discovery Material" shall survive the

24   termination of this action; and the Court shall retain jurisdiction with respect thereto.

25           **19.**     ***Notices.***  Any of the notice requirements in this Stipulated Protective Order

26   may be waived, in whole or in part, only by a writing signed by the attorney of record for the party

27   against whom such waiver is sought.

28   ///

1 ///

2    **20.**  *Modifications/Amendments.* This Stipulated Protective Order can only be

3 modified and/or amended by a subsequent written Stipulation of the Parties, or Court Order after a

4 noticed motion is heard.

5

6

7

 Dated: __April 9, 2009_____

8                           _____

9                  Otis D. Wright, U.S. District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3                                    **EXHIBIT  A**

4

5                      **UNITED STATES DISTRICT COURT**

6                 **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

7

8    CREW KNITWEAR, INC,              )    **Case No. CV07-07658 ODW (SSx)**
                                      )
9                                     )    [Consolidated  for  purpose  of  discovery
                  Plaintiff,          )    with Case No. CV08-04139 ODW (SSx)]
              vs.                     )
10                                    )    **AGREEMENT    TO    BE    BOUND    BY**
     U.S. TEXTILE PRINTING, INC.,     )    **STIPULATED PROTECTIVE ORDER**
11   et al.,                          )
                                      )    **[F.R.C.P. Rule 26(c)]**
12             Defendants             )

13

14        I, _____ (print or type name), hereby acknowledge and agree

15   that I have received a copy of the Stipulated Protective Order entered on _____,

16   2009, in connection with the captioned case, that I have read it and understand its contents, that I

17   agree to be bound by all of the applicable provisions thereof, and that upon the final termination of

18   the case, I agree to return to the producing party all Confidential Discovery Material, or copies

19   thereof, disclosed or provided to me.

20

21   Date:          _____

22

23   Signature:     _____

24   Print/Type Name:      _____

25

26   Firm/Company/Organization:     _____

27

28